*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

**S T A T E   O F   M I C H I G A N**

**C O U R T   O F   A P P E A L S**

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PAUL WENDELL RUSS,

        Defendant-Appellant.

UNPUBLISHED
February 13, 2026
10:05 AM

No. 373384
Wayne Circuit Court
LC No. 84-004677-01-FC

Before: BOONSTRA, P.J., and O'BRIEN and YOUNG, JJ.

YOUNG, J. (*dissenting*).

I largely agree with the majority opinion but dissent from the remedy to affirm. Because I think the trial court erred in its application of the *Cress*[1] test and this error of law constitutes an abuse of discretion,[2] I would remand for further proceedings.

In its analysis on the fourth *Cress* prong, the trial court initially concluded that Jackson's testimony was not patently incredible:

> Jackson does provide a version of events that is largely consistent to the testimony elicited at trial. Accordingly, his testimony is not patently incredible such that no reasonable juror would entertain a reasonable belief in the witnesses' veracity.

Once the trial court found the testimony was not incredible, it should have considered the testimony in the landscape of all of the testimony offered at trial. This includes both "evidence that was previously introduced at trial" and "evidence that would be admitted at *retrial*[.]" *People v Johnson*, 502 Mich 541, 571; 918 NW2d 676 (2018).

Here, the trial court said, citing *Johnson*, that it "has carefully considered Mr. Jackson's testimony in conjunction with the evidence that was submitted at the defendant's trial . . . ." But

---

[1] *People v Cress*, 468 Mich 678; 664 NW2d 174 (2003).

[2] *People v Zitka*, 325 Mich App 38, 43-44; 922 NW2d 696 (2018).

-1-

the trial court did not actually consider the full landscape of testimony admitted at trial. It emphasized that Russ ran from police in their initial pursuit to arrest him and that Russ had a motive to harm the victim. But the trial court also observed that Jackson's testimony "provides a version of events that is largely consistent" with the trial testimony (i.e. the manner of death, the weapon used, the cars involved). The trial court failed to acknowledge that Jackson's testimony also offered a motive, a drug deal gone wrong. That the new Jackson evidence diverged from Fortune's and Kirk's testimony *strengthens* the impact of the newly discovered evidence. *Johnson,* 502 Mich at 572-580 (holding that the competing testimonies of two trial witnesses against the newly discovered evidence of Skinner's testimony warranted new trials).

And while revisiting the credibility concerns related to Jackson, the trial court failed to consider that Kirk's testimony, too, had credibility issues. Kirk initially failed to identify Russ as the shooter, and Gunderson admitted to pressuring him to change his identification. On cross-examination, Kirk contradicted prior statements regarding what he saw as it related to both the perpetrator and the weapon used, and he even admitted that he had been "deliberately lying" and did not start telling the truth to the authorities until the preliminary examination. He immediately contradicted that statement by then testifying that he started telling the truth "after the lineup was over." Simply put, the evidence at trial was not overwhelming, which is further illustrated by the questions asked during the jurors' deliberations, detailed in Russ' first-filed MFRJ:

> The jurors twice asked to be reinstructed on the definition of assault with intent to commit murder and only after receiving that definition in writing on the second day of deliberations did they return the verdict. They also asked for the testimony of Officer Hoffman to be read back and to see the line-up pictures. The fact that the jury was out for a substantial time is evidence of the closeness of the case. *Parker v Gladden*, 385 US 363, 365; [87 S Ct 468;] 17 L Ed 2d 420 (1966).

These jury deliberations, the limited evidence at trial, and Russ' continued declarations of his innocence were not considered by the trial court. Once the trial court determined that Jackson's testimony "is not patently incredible," it needed to consider the *whole* landscape of evidence, including the credibility issues inherent in Kirk's testimony, that both Kirk and Jackson offered a different perpetrator with a motive, and that a similar delay in disclosure was present in *Johnson*, the case upon which the trial court relied. Because the trial court did not "consider the impact of that testimony in conjunction with the evidence that would be presented on retrial," I would vacate its *Cress* analysis in part and remand for further proceedings.

/s/ Adrienne N. Young